**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC :<br>CHARTER SCHOOL :<br>WOODRIDGE CAMPUS :<br>2959 Carlton Avenue, N.E. :<br>Washington, D.C. 20003 :<br>    : <br>    Plaintiff :<br>    :<br>        v. :<br>    :<br>WILLIAM MARROW AND EDWINA :<br>SUMPTER, as next friend of the minor child, :<br>A.M. :<br>and :<br>A.M., individually :<br>1011 14th Street, SE #11 :<br>Washington, D.C. 20003 :<br>    :<br>AND :<br>    :<br>THE GOVERNMENT OF THE DISTRICT :<br>OF COLUMBIA :<br>441 Fourth Street, N.W. :<br>Washington, DC 20001 :<br>    :<br>Serve: :<br>    :<br>Robert Spanoletti, :<br>Attorney General :<br>District of Columbia :<br>441 4th Street, N.W. :<br>Washington, DC 20001 :<br>    :<br>and :<br>    :<br>Mayor Anthony Williams :<br>Office of the Secretary :<br>1350 Pennsylvania Avenue, N.W. :<br>Washington, DC 20004 :<br>    :<br>    Defendants : | **CIVIL ACTION NO.** |

## **COMPLAINT**

## JURISDICTION

1. Jurisdiction of this Court is found in 28 U.S.C. §1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415, *et seq.*, (herein IDEA), as an appeal of a hearing officer's determination which was filed pursuant to IDEA, P.L. 101-476, as amended by P.L. 105-17.

2. Plaintiff is a District of Columbia Public Charter School which has elected to be its own local education agency (LEA) under IDEA, for special education issues.

3. Defendants and their minor child are currently residents of the District of Columbia and claimed D.C. residency for all or part of the time during the underlying administrative proceedings.

4. Defendant Government of the District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA .

## FACTS

5. A.M. is an eleven year-old, special education student who attended Friendship Edison (Edison) during the 2004-2005 school year.

6. The student was initially found eligible for special education services by Edison in 2002 as a student with a speech and language impairment.

7. On May 12, 2004, the MDT team at Edison convened a meeting to discuss the student's progress. The team, which included the parent, agreed that the

       student would retain the classification of speech and language impaired. At that time, no hearing request was filed to challenge a potential classification of learning disabled, nor was additional testing requested.

8. The student's IEP for the 2004-2005 school year included not only speech and language goals but also academic goals which addressed weaknesses such as reading comprehension.

9. On March 1, 2005, the MDT team at Edison convened. The team developed a student evaluation plan and increased the student specialized instruction hours.

10. Based on the student evaluation plan, Edison completed psychoeducational evaluation, a speech and language evaluation and an audiological screening. These evaluations were reviewed at an IEP meeting held on June 1, 2005. The student's classification was changed to multiply disabled (speech and language impaired and learning disabled) and the team drafted an IEP which required that the student be placed in a full-time educational placement.

11. At this meeting, the parent also requested a more in depth auditory processing evaluation and a functional behavior assessment.

12. The functional behavior assessment could not be completed over the summer because the assessment requires that classroom behavior information be gathered over time.

13. On June 7, 2005, the parent filed a due process hearing request alleging that the requested evaluations had not been completed and that the student was owed compensatory education for the 2004-2005 school year because he was not classified as learning disabled in 2004.

14. On July 22, 2005, a placement meeting was held with DCPS. DCPS proposed Prospect Learning Center as the student's placement for the 2005-2006 school year.

15. The student is currently attending Prospect Learning Center, a DCPS program.

16. In August of 2005, Edison completed an audiological evaluation. The advocate, however, wanted additional testing completed.

17. On September 8, 2005, a due process hearing was held. On September 22, 2005, the hearing officer issued his determination. The hearing officer found that Edison has made a good faith effort to obtain the audiological evaluation. He also found that the functional behavior assessment was not requested at the initial student evaluation plan meeting, and that it was too late in the school year for the assessment to be completed. Consequently the hearing officer found that Edison has met their burden of proof on this issue.

18. Despite these findings, the hearing officer ordered Edison to fund an independent auditory processing evaluation and an independent functional behavior assessment.

19. The hearing officer also found that the student was denied a free, appropriate public education (FAPE) when the MDT team did not find the student learning disabled during at the May 2004 IEP meeting. Consequently, he ordered one year of compensatory education

## COUNT I

20. Plaintiff repeats and realleges paragraphs 1 - 19

21. Hearing Officer Ruff erred in ordering Edison to fund independent evaluations after finding that Edison met its burden of proof.  The hearing officer found that Edison did not have an opportunity to complete a functional behavior assessment and made a good faith effort to complete the auditory processing evaluation.  The hearing officer did not find a denial of FAPE, yet he ordered relief against Edison.  Furthermore, the hearing officer did not make a finding that additional testing was needed to identify the student's appropriate disability classification or to determine appropriate educational programming.  Given the current IEP, the student is appropriately classified and has goals and objectives that address his weaknesses; therefore,, no independent testing should have been ordered.

## COUNT II

22. Plaintiff repeats and realleges paragraphs 1 - 19.

23. Hearing Officer Ruff erred in finding a denial of FAPE based on the student's May 2004 disability classification. He ruled that the student should have been identified as learning disabled despite his factual finding that the parent agreed with the classification of speech and language impaired.  The hearing officer found that the team agreed to readdress the issue of a potential learning disability at the next IEP meeting.  These findings are inconsistent.  The parent and MDT team reached an agreement in May of 2004.  No hearing request was filed in 2004 requesting additional testing or disputing the classification of speech

and language impaired.  Additional evaluations were completed in 2005.  At that time the parent and remainder of the MDT team agreed the student qualified as learning disabled.  Consequently, the hearing officer erred in finding a denial of FAPE based on issue that was previously agreed to by the parent at an IEP meeting.

## COUNT III

24. Plaintiff repeats and realleges paragraphs 1 - 19.

25. The hearing officer erred in ordering compensatory education.  As stated in Count II, the team agreed that the student would remain speech and language impaired.  The hearing officer determined that because the student had low test scores in areas such as reading comprehension and word reading, he should have been found learning disabled.  The hearing officer does not address whether or not these weakness were due to a speech and language impairment or a learning disability.  More importantly, the hearing officer does not address whether or not these weaknesses were addressed in the student's IEP.  In fact, the student's IEP did not simply contain speech and language goals.  The IEP team also wrote academic goals to address his weaknesses in other subjects such as reading comprehension.  Regardless of the classification, the student's academic deficits were being addressed, and therefore, there is no need for compensatory education.  Lastly, this student is currently in a full-time special education program.  The hearing officer failed to make a finding as to whether the student would benefit from additional services given that the student is already receiving special education services all day, every day.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a judgment for Plaintiff and against Defendants on all aforementioned counts;

2. Order that the September 19, 2005, Hearing Officer's Decision be reversed, finding no denial of a free, appropriate, public education by Friendship Edison PCS, and;

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/
_____
Paul S. Dalton, Esq.
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (O)
(703) 739-2323 (F)