UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIENDSHIP EDISON PUBLIC | ) | |
| CHARTER SCHOOL | ) | |
| WOODRIDGE CAMPUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2054 (RMC) |
| | ) | |
| WILLIAM MARROW and | ) | |
| EDWINA SUMPTER, as next | ) | |
| friends of the minor child | ) | |
| A.M. and A.M., individually, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**
**THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant District of Columbia (the "District"), by counsel and pursuant to Fed. R. Civ. P.

12(b)(6) and 56, hereby moves this Court to dismiss the complaint as to the District for failure to state a

claim for which relief can be granted or, in the alternative, to enter summary judgment in favor of the

District.

The reasons for the motion are set forth in the accompanying memorandum of points and

authorities.  A proposed order is also submitted herewith.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the

District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

**/s/ Carol E. Burroughs**
CAROL E. BURROUGHS [#415432]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6520
(202) 727-3625 (fax)
carol.burroughs@dc.gov

November 23, 2005

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIENDSHIP EDISON PUBLIC | ) | |
| CHARTER SCHOOL | ) | |
| WOODRIDGE CAMPUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2054 (RMC) |
| | ) | |
| WILLIAM MARROW and | ) | |
| EDWINA SUMPTER, as next | ) | |
| friends of the minor child | ) | |
| A.M.. and A.M., individually, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS
THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This case is brought by Friendship Edison Public Charter School ("Edison") pursuant to the

Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et. seq.*.  Edison is a District of

Columbia Public Charter School which has elected to be its own local education agency ("LEA").

Complaint, ¶ 2.  When a public charter school elects to be its own LEA, the District of Columbia Public

Schools ("DCPS") is the State Education Agency (SEA) (hereinafter "DCPS/SEA") .

At all times relevant, Defendants Marrow's and Sumpter's minor child, A.M., was enrolled at Edison.  Complaint, ¶ 5.   A.M. was initially found eligible for special education services by Edison in 2002 as a student with a speech and language impairment.  Complaint, ¶ 6.

On March 1, 2005, the MDT team at Edison convened and developed a student evaluation plan for A.M. and increased his hour of specialized instruction.  Complaint, ¶ 9  Based on the evaluation plan, Edison completed psychoeducational evaluation, a speech and language evaluation and an audiological screening.  These evaluations were reviewed at an IEP meeting on June 1, 2005.  A.M.'s classification was changed to multiply disabled (speech and language impaired and learning disabled) and the team drafted an IEP Plan which required that the student be placed in a full-time educational placement.  Complaint, ¶ 10. At the IEP meeting, the parent also requested a more in depth auditory processing evaluation and a functional behavior assessment. Complaint , ¶ 11.  The functional behavior assessment could not be completed over the summer because the assessment requires that classroom behavior information be gathered over time.  Complaint , ¶ 12.

On June 7, 2005, Defendants Marrow and Sumpter, through counsel, filed a request for a due process hearing under IDEA, alleging that Edison had not completed the requested evaluation and that the student was owed compensatory education for the 2004-2005 school years because he was not classified as learning disable in 2004.  Complaint ¶ 13.  On July 22, 2005, a placement meeting was held with DCPS.  DCPS proposed Prospect Learning Center as A.M.'s placement for the 2005-2006 school year.  A.M. currently attends Prospect Learning Center, a DCPS program.  Complaint, ¶¶ 14-15.  Edison completed an audiological evaluation in August 2005; however, the advocate wanted additional testing completed. Complaint, ¶ 16.  A due process hearing was conducted on September 8,

5

2005.  Complaint, ¶ 17.  DCPS/SEA participated in the hearing because A.M. was then attending a

District of Columbia school.

On September 22, 2005, the Impartial Hearing Officer (IHO) issued a determination finding

that Edison had denied A.M. FAPE when the MDAT team did not find the student learning disabled at

the May 2004 IEP meeting.  He ordered Edison to fund an independent auditory processing evaluation

and an independent functional behavior assessment and to provide one year of compensatory education.

¶¶ 18-19.    Edison here seeks to have the Court reverse the IHO's finding that Edison failed to

provide FAPE.

## SUMMARY OF ARGUMENT

The District of Columbia is not a proper party to Edison's "appeal" here of the challenged

administrative decision.  Edison is responsible for complying with IDEA unless it has been found unable

or unwilling to comply with the Act prior to the initiation of a due process hearing request, or unless

DCPS itself was involved in the actions or decisions at issue in the administrative proceedings.  Also,

DCPS has no control over the due process hearing officer's decisions.[1]  Finally, DCPS does not have a

stake in the outcome of the litigation, and is not a necessary party to obtain the relief sought by either

plaintiff or co-defendant.[2]

## ARGUMENT

### I.  Applicable Legal Standard

The court should only grant a motion to dismiss when it appears beyond doubt that under any

---

[1]  "The Public Schools hearing office shall have no authority to direct, rescind, overrule, modify, or alter the substantive
decision of any hearing officer rendered in accordance with the provisions of law and this title."  5 DCMR § 2407.4.
[2]  The District acknowledges that the Court has previously ruled in IDEA/PCS v. Gooding,  (Civ. No. 03-1224 (D.D.C.
December 5, 2003) that the District was an indispensable party in that case.  The Government did not have the

reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Haynesworth v. Miller*, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (D.C. Cir. 1987); *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant is not entitled to judgment if there are allegations in the complaint which, if proved, would provide a basis for recovery. *Haynesworth*, 820 F.2d at 1254. Although plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint, bare conclusions of law or sweeping and unwarranted averments of fact will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.*

Further, the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. *Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Nor must the court accept legal conclusions cast in the form of factual allegations" *Id.* Applying these standards here, grant of this motion is plainly warranted.

## II.   Public Charter Schools' Relationship to DCPS and Their Responsibilities under IDEA.

Public charter schools were established in the District of Columbia to provide public schools, among other things, "an option for more autonomy over their administration, operations and expenditures." D.C. Official Code §28-1701.2(7) (2001). To that end, a public charter school has the power "to be responsible for its own operation, including preparation of a budget and personnel matters" and "to sue and be sued in its own name." D.C. Official Code §38-1702.5(b)(7) and (8) (2001). A "public charter school" is "a publicly funded school in the District of Columbia that …is not a part of the

---

opportunity to brief that issue in the case, and respectfully disagrees with the decision in that regard.

District of Columbia schools." D.C. Official Code §38-1800.02(29)(B) (2001).[3]

District of Columbia law provides that a public charter school shall elect to be treated as a local education agency ("LEA Charter") or a District of Columbia public school ("District Charter") for purposes of the IDEA.  D.C. Official Code § 38-1802.10(c) (2001).  See also 5 DCMR 3019.1.  The implementing regulations for IDEA state, in relevant part, "If a public charter school is an LEA . . . that receives funding under §§ 300.711-300.714, that charter school is responsible for ensuring that the requirements of [part B of the Act] are met, unless State law assigns that responsibility to some other entity." 34 CFR 300.312(b).  LEA Charters are responsible for ensuring that the requirements of subpart B of the IDEA are met with regard to children enrolled in their schools.  5 DCMR 3019.2.  Accordingly, as an LEA Charter, Hyde is responsible for making a free appropriate public education ("FAPE") available to disabled children enrolled therein.

LEA Charters like Hyde are responsible for special education evaluations, IEPs, and placements and for providing all necessary related services to children with disabilities enrolled in their facilities, consistent with the children's IEPs.  See 5 DCMR §§ 3019.3, 3019.8.  When an LEA Charter concludes that it cannot serve a child with a disability enrolled in its facility using the funds available to it, it is required to appeal to DCPS, in its role as designee for the State Education Agency (SEA), for assistance.  5 DCMR § 3019.9.  "If, following the appeal or notification . . . DCPS . . . agrees that a charter school cannot serve the child in question, DCPS will assume responsibility for the child and the charter school will remit to DCPS the child's entire per-pupil allotment, prorated for the time spent in the

---

[3] See also D.C. Code §38-1702.5(p) (2001) (a public charter school "shall  not be deemed, considered, or construed to be an entity of the District of Columbia Government" ).  "The term 'District of Columbia public school' does not include a public charter school."  D.C. Official Code §38-1800.2(12)(B) (2001).  An exception to this scheme is when "the D.C. Board of Education has assumed responsibility for the charter school in question following a failure to

charter school during the school year." 5 DCMR §3019.11.

Further, LEA Charters are required to "provide their own representation at, and be responsible for implementation of all agreements or decisions resulting from, mediation and due process hearings involving children enrolled in their school, unless implementation of the agreement or decision is the responsibility of DCPS as a result of any actions or inactions of DCPS while a child had been enrolled at an LEA Charter school or pursuant to federal or local law or regulation." 5 DCMR §3019.13.

DCPS/SEA contracts with qualified impartial hearing officers to conduct due process hearing and render decisions. 5 DCMR §2406.2 These same hearing officers are assigned to hear both cases where LEA Charters are alleged to have failed to provide FAPE and where District Charters or DCPS are alleged to have failed to provide FAPE. Hearing officers are independent contractors who are neither officers nor employees of the Board of Education and have not participated in the formulation of the recommendations sought to be reviewed. 5 DCMR §3099.1 Definitions: "Impartial Hearing Officer."

At a due process hearing, the LEA bears "the burden of proof…that the action or proposed placement is adequate to meet the educational needs of the student." 5 DCMR §3030.3. Where the disputed matter is between a Charter LEA and a parent, DCPS does not participate in the administrative process unless DCPS has been involved in the action or decision. 5 DCMR §3019.13 The District of Columbia has a single level administrative review structure. "A party aggrieved by the finding and decision of a due process hearing may bring a civil action in any court of competent jurisdiction in accordance with 20 U.S.C. §1415(I)(2)." 5 DCMR §3031.5

---

renew, or revocation of, the school charter; 5 DCMR 3019.11 (2002).

**III.    LEA Charter Hyde is responsible for complying with IDEA since it has not been found unable or unwilling to comply with IDEA and DCPS was not involved in the <u>actions or decisions at issue in the administrative proceedings.</u>**

Where, as here, the student is enrolled in a public charter school which has elected to be an LEA, DCPS' role is limited to that of the SEA in the District of Columbia.   The SEA has general oversight responsibility for ensuring that the requirements of subpart B of IDEA are met.   However, the LEA Charter has specific responsibility to compliance with the Act.  34 CFR §300.312.  Unless DCPS has been notified that the LEA Charter is unable to provide the requested services, and finds that the LEA Charter cannot in fact provide them, it will not assume responsibility for them. 5 DCMR §§3019.9, 3019.11.

Edison has maintained throughout the administrative proceedings and in the Complaint that no independent testing should have been ordered and the Hearing Officer should have found that it provided FAPE and erred in ordering compensatory education.   There is no claim that Edison is unwilling or unable to fund the independent evaluations and provide the compensatory education should the Hearing Officer's decision be upheld.   Accordingly, Edison is solely responsible for ensuring that the requirements of subpart B of IDEA are met.

**IV.    DCPS, as SEA, has no authority to interfere with legal process established for deciding disputes between LEA charters and parents, and it was not involved in <u>the matters giving rise to the request for the subject due process hearing.</u>**

Due process hearings must be impartial and independent from state educational agencies.  20 U.S.C.S. §1415(f)(1)(g).  Maryland courts, for example, have held that a state board is prohibited by the U.S. Department of Education Guidelines from addressing complaints made to it that were the subject of a pending due process hearing.  <u>Gordon v. Board of Educ</u>., 22 F. Supp.

10

2.d 499, 501 (D. Md. 1998).

In the case of <u>Renollett v. the State of Minnesota Dep't. of Educ. and Ind. Sch'l. Dist. 11</u>, 2004 U.S. Dist. LEXIS 12997 (D. Mn. 2004), plaintiff parent sought to hold the state SEA liable for actions of the LEA and the independent hearing officer. Although the SEA is responsible for the general supervision of education and must provide FAPE to disabled children in Minnesota, it is not liable for the actions of the LEA unless it contributed to the alleged infraction. Thus, the court found that "to avoid dismissal of his FAPE claim against the SEA, plaintiff must set forth some facts showing that the SEA shared substantial responsibility with the LEA in denying him FAPE." Id. at *10.

Applying that finding in this case, it is clear the District is not properly a party here. There is no allegation in this case that DCPS shares any responsibility whatsoever for the actions giving rise to this case.

## CONCLUSION

For all the foregoing reasons, Defendant District of Columbia's Motion to Dismiss, or in the Alternative for Summary Judgment, should be granted.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

11

**/s/ Carol E. Burroughs**
CAROL E. BURROUGHS[#415432]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6520
(202) 727-3625 (fax)
November 23, 2005                           carol.burroughs@dc.gov