UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCHOOL FOR THE ARTS IN LEARNING :
(SAIL) PUBLIC CHARTER SCHOOL,   :
                                :
        Plaintiff,               :
                                :
    v.                          :   Civil Action No. 02-1772 (JR)
                                :
CARLOS AND GUADALUPE MENA, as    :
next friend of the minor child, :
JULIEN MENA,                    :
                                :
        Defendants.              :

**MEMORANDUM**

The plaintiff in this case is the School for the Arts in Learning Public Charter School (SAIL). The defendants are the parents of Julien Mena, a student at SAIL. After a Student Hearing Officer of the D.C. Public Schools (DCPS) convened a due process hearing and issued a final decision entitling Julien to special education services under the Individuals with Disabilities Education Act (IDEA), SAIL brought this action seeking judicial review. Why SAIL sued the parents instead of DCPS or the District of Columbia, is a mystery.

Relief cannot be granted unless the District of Columbia or DCPS, which is the educational agency responsible for ensuring compliance with the IDEA, is the named defendant. Cf. Pestronk v. District of Columbia, 150 F. Supp. 2d 147, 149-50 (D.D.C. 2001)(providing overview of the District of Columbia's policies and procedures for complying with IDEA). Julien's

parents obviously are not charged with carrying out the District of Columbia's duties under the IDEA and cannot provide the relief that the plaintiff seeks.[1]  Thus, the claim will be dismissed without prejudice under Fed. R. Civ. P. 12(b)(7).

The defendants' motion to dismiss the claim for attorney's fees will be granted under Fed. R. Civ. P. 12(b)(6). Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs <u>to the parents of a child with a disability who is the prevailing party</u>."  40 U.S.C. § 1415(i)(3)(B)(emphasis added).  Based on the statute, a school seeking judicial review of a final administrative decision, even it obtains a favorable ruling, is not entitled to attorney's fees, and to the extent that the plaintiff relies on the court's inherent power to award attorney's fees to a prevailing party when its opponent has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons," <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45-46 (1991), that reliance is

---

[1] Nearly all of the recent cases in this Circuit seeking judicial review of a final administrative decision issued under the IDEA have been brought by parents against the District of Columbia.  There is one recent reported decision, <u>Jenkins v. Squillacote</u>, 935 F.2d 303 (D.C. Cir. 1991), in which the situation was reversed -- the school superintendent sought review of the administrative decision and named the parents of the child entitled to services under the IDEA as defendants.  The Court of Appeals was not confronted with the issue of whether the parents were the proper defendants, but it did observe that: "It would be absurd to imagine a trial court ordering parents to reimburse a school system for the costs of a hearing examiner's erroneous placement of their child."  <u>Id.</u> at 307 n. 3.

misplaced.  Plaintiff's asserted basis for attorney's fees amounts to nothing more than its own belief that the defendants have sought educational services for their child that are not warranted under the IDEA.

An appropriate order accompanies this memorandum.


JAMES ROBERTSON
United States District Judge