UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL, WOODRIDGE CAMPUS  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>WILLIAM MARROW, et. al.  )<br><br>Defendants.  ) | Civil Action No. 05-2054 (RMC) |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant District of Columbia (the "District"), by counsel, replies herewith to the "Plaintiff's Memorandum in Opposition to District of Columbia's Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment," filed December 2, 2005 ("Opposition").

In its motion to dismiss, the District argued, among other things, that the District of Columbia is not a proper party to Edison Woodridge's appeal of a hearing officer's decision because, as a Local Education Agency Charter (LEA Charter), it, rather than DCPS, is responsible for complying with the IDEA unless it has been found to be unwilling or unable to do so. Also stressed was that DCPS was not involved in the action or decisions at issue in the subject administrative proceeding at issue; and, as the State Education Agency (SEA), DCPS has no authority to interfere with the legal process established for disputes between LEA Charters and parents. Motion, pp. 4-10.

Plaintiff Edison Woodridge does not disagree with the District's analysis, but cites two cases where the presiding judges ruled that the District was a necessary party in suits by or against District

charter schools. Opposition, pp. 2-4. With all due respect, however, neither of the decisions relied on by the plaintiff addresses the relief being sought in those cases, or what entity has the primary responsibility for providing it.

In <u>School for the Arts in Learning (SAIL) Public Charter School v. Mena,</u> Civ. No. 02-1772 (D.D.C. July 25, 2003), plaintiff appealed a hearing officer's final decision that the minor child qualified for special education services. The school, which had elected to be a local education agency (LEA), filed a complaint in U.S. District Court naming the parents as the defendant, alleging that it did not have an opportunity to be heard at the hearing because of lack of notice to the school or counsel. Defendant parents filed a motion to dismiss for failure to join a necessary party, claiming that DCPS should have been sued, not the parents who cannot provide the relief sought by SAIL. The Court granted the motion to dismiss, stating that "relief cannot be granted unless the District of Columbia or DCPS, which is the educational agency responsible for ensuring compliance with the IDEA, is the named defendant."

However, there is no explanation of the basis for the Court's statement. Nor is there anything in the nature of the case that supports a conclusion that the Court's statement was a considered, analytical judgment. For example, there was no allegation that SAIL was either unwilling or unable to provide the ordered services. Thus, if SAIL prevailed on the merits, no special education services would be required. On the other hand, if the parents prevailed on the merits, SAIL would be required to provide special education services, and attorneys' fees and costs. 34 CFR §300.312(b) and 5 DCMR §3019.2. Neither scenario requires the involvement of the District of Columbia.

The facts in <u>Integrated Design Electronics Academy (IDEA) v. Gooding</u> ("IDEA") (D.D.C. December 5, 2003) are similar. IDEA, a public charter school which had elected to be a LEA, sought

review of a hearing officer's decision ordering the charter school to conduct a neurological evaluation, an electroencephalogram, and a vision and hearing evaluation of the minor child, S.G. There was no allegation that IDEA would not, or could not, provide the disputed services if it lost the appeal. In concluding that DCPS was a necessary party if the plaintiff were to prevail or the case was remanded for a second due process hearing, the Court stated that "DCPS is the agency responsible for ensuring school compliance with the IDEA in the District of Columbia, and it held the due process hearing that plaintiff seeks to be reviewed." Id. at 3. With all due respect, the Court's reasoning is incorrect. First, IDEA and not DCPS would have to provide the relief sought if the plaintiff prevailed in court. LEA Charters have primary responsibility for IDEA compliance. DCPS; as the State Education Agency (SEA), has only oversight responsibility. Second, although DCPS as the SEA contracts with hearing officers to conduct due process hearings, the hearing officers are not employees of DCPS and there is no reason to believe that a hearing officer would not obey the court's order to rehear the case. 5 DCMR §2406.2 and 5 DCMR §3099.1 Definitions: "Impartial Hearing Officer."

Here, there is no reason to believe that plaintiff Edison Woodridge is unwilling or unable to implement the hearing officer's decision; it simply seeks judicial review of that decision. The District of Columbia is not a necessary party to the adjudication of the case, or to the implementation of any remedy ordered. .

For all the foregoing reasons, Defendant District of Columbia's Motion to Dismiss, or in the Alternative for Summary Judgment, should be granted.

                    Respectfully submitted,

                    ROBERT J. SPAGNOLETTI
                    Attorney General for the
                    District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                    **/s/ Edward P. Taptich**
                    EDWARD P. TAPTICH [#012914]
                    Chief, Equity Section II

                    **/s/ Carol E. Burroughs**
                    CAROL E. BURROUGHS [#415432]
                    Assistant Attorney General
                    441 Fourth Street, N.W.
                    Sixth Floor South
                    Washington, D.C. 20001
                    (202) 724-6520
                    (202) 727-3625 (fax)
December 9, 2005          carol.burroughs@dc.gov