UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL** : :<br>: <br>**Plaintiff** :<br>:<br>v. : **CIVIL ACTION NO. 05-2054 (RMC)**<br>:<br>**WILLIAM MARROW AND EDWINA** :<br>**SUMPTER, as next friend of the minor child,**:<br>**A.M.** :<br>**and** :<br>**A.M., individually** : | |

## MOTION FOR DEFAULT JUDGMENT

The plaintiff, by and through counsel, requests this Court to grant a default judgment pursuant to Federal Rule of Civil Procedure 55, finding that the underlying Hearing Officer's decision that the plaintiff was denied a free, appropriate public education (FAPE) was erroneous.

## FACTUAL BACKGROUND

Plaintiff is a District of Columbia Public Charter School which has elected to be its own local education agency (LEA) under IDEA, for special education issues. A.M. was a special education student who attended Friendship Edison (Edison) during the 2004-2005 school year. The student was initially found eligible for special education services by Edison in 2002 as a student with a speech and language impairment. On May 12, 2004, the MDT team at Edison convened a meeting to discuss the student's progress. The team, which included the parent, agreed that the student would retain the classification of speech and language impaired. At that time, no hearing request was filed to challenge a potential classification of learning disabled, nor was additional

testing requested.

The student's IEP for the 2004-2005 school year included not only speech and language goals but also academic goals which addressed weaknesses such as reading comprehension. On March 1, 2005, the MDT team at Edison convened. The team developed a student evaluation plan and increased the student specialized instruction hours. Based on the student evaluation plan, Edison completed psychoeducational evaluation, a speech and language evaluation and an audiological screening. These evaluations were reviewed at an IEP meeting held on June 1, 2005. The student's classification was changed to multiply disabled (speech and language impaired and learning disabled) and the team drafted an IEP which required that the student be placed in a full-time educational placement.

At this meeting, the parent also requested a more in depth auditory processing evaluation and a functional behavior assessment. The functional behavior assessment could not be completed over the summer because the assessment requires that classroom behavior information be gathered over time.

On June 7, 2005, the parent filed a due process hearing request alleging that the requested evaluations had not been completed and that the student was owed compensatory education for the 2004-2005 school year because he was not classified as learning disabled in 2004.

On July 22, 2005, a placement meeting was held with DCPS. DCPS proposed Prospect Learning Center as the student's placement for the 2005-2006 school year.

In August of 2005, Edison completed an audiological evaluation. The advocate, however, wanted additional testing completed.

On September 8, 2005, a due process hearing was held. On September 22, 2005, the hearing officer issued his determination. The hearing officer found that Edison has made a good faith effort to obtain the audiological evaluation. He also found that the functional behavior assessment was not requested at the initial student evaluation plan meeting, and that it was too late in the school year for the assessment to be completed. Consequently the hearing officer found that Edison has met their burden of proof on this issue.

Despite these findings, the hearing officer ordered Edison to fund an independent auditory processing evaluation and an independent functional behavior assessment. The hearing officer also found that the student was denied a free, appropriate public education (FAPE) when the MDT team did not find the student learning disabled during at the May 2004 IEP meeting. Consequently, he ordered one year of compensatory education

Friendship Edison, through counsel filed the instant appeal of the Hearing Officer's Decision, alleging:

1. Hearing Officer Ruff erred in ordering Edison to fund independent evaluations after finding that Edison met its burden of proof.
2. Hearing Officer Ruff erred in finding a denial of FAPE based on the student's May 2004 disability classification.
3. Hearing Officer Ruff erred in finding a denial of FAPE based on the student's May 2004 disability classification.

In the complaint, the Plaintiff respectfully requested this court to:

1. Issue a judgment for Plaintiff and against Defendants on all

    aforementioned counts;

2. Order that the September 19, 2005, Hearing Officer's Decision be reversed, finding no denial of a free, appropriate, public education by Friendship Edison PCS, and;

3. Grant such other and further relief as the Court deems just and proper

On November 8, 2005, Plaintiff caused the summons to occur on both Edwina Sumpter and William Marrow. The Return of Service/Affidavits were filed with this Court.  The Government of the District of Columbia was also served and was dismissed from this case.  Defendants' William Marrow, Edwina Sumpter and A.M. never filed an answer to the complaint.  On January 17, 2007, the Clerk made an entry of default to the docket sheet.  To date, neither Ms. Howe or her attorney has filed an answer.

## CONCLUSION

Given the facts above, it is clear the defendant's in this matter have not responded to the complaint, nor have they otherwise defended themselves under the Federal Rules of Civil Procedure and therefore the Plaintiff is entitled to a judgment by default.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a default judgment for Plaintiffs and against Defendant;

2. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted

_____//**S**//_____

Paul S. Dalton, Esq.
Attorney for Plaintiff
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300 (O)
(703) 739-2323 (F)